# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| JAMES W. WICKERT | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| v. | ) | Judge: |
| | ) | |
| DISCOVER BANK *dba* DISCOVER FINANCIAL SERVICES | ) ) | |
| | ) | **COMPLAINT** |
| Defendant. | ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |

Plaintiff, James W. Wickert, for his complaint against Discover Bank *dba* Discover Financial Services ("Discover" or "Defendant"), states:

## INTRODUCTION

1. This is an action for actual, statutory and punitive damages brought by Plaintiff against Discover for its negligent, willful and/or knowing violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), in connection with Discover's unlawful accessing of Plaintiff's private credit information subsequent to his bankruptcy.

## PARTIES

2. James W. Wickert ("Mr. Wickert") is an adult individual presently residing in Cleveland Heights, Ohio, and is a "consumer" as that term is defined in the FCRA.

3. Discover is engaged in the business of consumer credit lending and servicing in the State of Ohio and throughout the United States.

4. Discover is a "furnisher" and "user" of consumer credit information as those terms are defined and/or contemplated in the FCRA.

**JURISDICTION AND VENUE**

5.	This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1681$p$ and 28 U.S.C. § 1337.  Venue in this district is proper because Defendant transacts business in this district, the subject auto loan was entered into in this district, and the conduct complained of occurred in this district.

**FACTUAL ALLEGATIONS**

6.	On or around October 19, 2011, Mr. Wickert filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Northern District of Ohio.  The case was listed on the docket as case number 11-18991-jps.

7.	Discover asserted a pre-petition claim against Mr. Wickert in an attempt to collect a credit card debt.  The Discover claim was listed in "Schedule F" of Mr. Wickert's bankruptcy petition as an unsecured claim.

8.	On or around January 30, 2012, the bankruptcy court issued an order granting Mr. Wickert a discharge ("the Discharge Order").  A copy of the Discharge Order is attached to this complaint as Exhibit 1.

9.	The Discharge Order terminated any rights Discover had against Mr. Wickert with respect to the underlying credit card debt.

10.	The Discharge Order was mailed out to all creditors and other parties listed on the mailing matrix previously filed with the bankruptcy court, including Discover.  Included in the notice was an explanation of the general injunction prohibiting Discover and others holding pre-petition claims from attempting to collect on those claims from Plaintiff.

11.	Discover received notice of the Discharge Order.

12.     At no time has Discover objected to or disputed the details of the claim included in the October 19, 2011 schedules filed in Plaintiff's bankruptcy petition.

13.     At no time has Mr. Wickert reaffirmed any debt with Discover.

14.     At no time has Discover's pre-petition claim been declared to be non-dischargeable in bankruptcy.

15.     Discover has actual knowledge that Mr. Wickert was the debtor in a Chapter 7 bankruptcy case, that he was granted a discharge in the case and that he was subsequently protected from any direct or indirect collection acts whatsoever by virtue of the injunction provided under applicable bankruptcy law, specifically 11 U.S.C. §524.

16.     Despite the fact that Mr. Wickert no longer held any further obligations to Discover on the debt as of January 2012, Discover has continued to request and obtain Mr. Wickert's consumer report maintained by Trans Union, LLC ("Trans Union").  Relevant pages from Mr. Wickert's Trans Union credit reports, dated April 8, 2014 and May 18, 2015, are attached collectively to this complaint as Exhibit 2.

17.     On each such occasion that Discover requested Mr. Wickert's credit report, discover represented to Trans Union that such request was made for "account review" purposes.

18.     Mr. Wickert's Trans Union credit reports show that he had no open accounts with Discover at the time of each "account review" request made by Discover, and in fact show that his sole Discover account had been discharged in bankruptcy, closed and had no balance owing. The credit reports also reflect that Mr. Wickert has not initiated new business with Discover at any time subsequent to his bankruptcy discharge in January 2012.

19.     After a reasonable time to conduct discovery, Plaintiff believes he can prove that, despite numerous disputes and complaints it receives from consumers like Plaintiff, Discover

intentionally, knowingly and/or recklessly continues the aforementioned practices without changing or updating its policies and procedures with respect to same.

20. After a reasonable time to conduct discovery, Plaintiff believes he can prove that all actions taken by Discover as described herein were taken willfully, with either the desire to harm Plaintiff, with reckless disregard for Plaintiff's rights and/or with knowledge that its actions were taken in violation of the law.

## DAMAGES

21. The conduct of Defendant has been the producing and proximate cause of past, present and future mental distress and emotional anguish from the ongoing invasion of Plaintiff's privacy and other damages that will be presented to the jury.

22. Plaintiff justifiably fears and believes that, absent this Court's intervention, Defendant will continue to access his private, personal and financial information illegally.

23. Plaintiff justifiably fears and believes that, absent this Court's intervention, Defendant will cause unwarranted harm to his credit or cause him other economic harm.

24. Due to Defendant's conduct, Plaintiff was forced to hire counsel and his damages include reasonable attorneys' fees incurred in pre-suit representation and prosecuting this claim.

25. Due to Defendant's conduct, Plaintiff is entitled to punitive damages, statutory damages, and all other appropriate measures to punish and deter similar future practices by Defendant and similar companies.

## **CLAIM FOR RELIEF**

## **VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
*15 U.S.C. § 1681b*

26. All prior paragraphs are incorporated into this count by reference.

27. Discover is a "user" and "furnisher" of consumer credit information, as those terms are contemplated and/or defined in the FCRA.

28. The "account review" information regarding Plaintiff that was obtained by Discover constitutes a "consumer report" as that term is defined in the FCRA.

29. The FCRA restricts a prospective user from obtaining a consumer report unless authorized by a consumer or unless the user has a "permissible purpose" as that term is defined and/or contemplated under the FCRA.

30. On no less than two (2) occasions over the past two-plus (2+) years, Discover has requested and obtained Plaintiff's consumer report from Trans Union.

31. Upon information and belief, Discover has obtained Plaintiff's consumer report on more than two (2) occasions over the past two-plus (2+) years.

32. On each such occasion, Discover represented to Trans Union that such request was being made for "account review" purposes.

33. As of the date Discover received notice of the Discharge Order in or around February 1, 2012, Discover had actual knowledge that Plaintiff's Discover credit card account was closed with no balance owing and that it was legally prohibited from pursuing any further collection against or even communicating with Plaintiff about the discharged account.

34. At all relevant times, Discover had actual knowledge that Plaintiff did not request credit from or otherwise initiate a business transaction with Discover at any time subsequent to the date of the Discharge Order in January 2012.

5

35. As such, on each occasion that Discover requested and obtained Plaintiff's credit information as described herein, Discover had actual knowledge that it did not have a permissible purpose under the FCRA to obtain such information.

36. In repeatedly requesting and obtaining Plaintiff's private, personal and financial information with actual knowledge that it did not have a permissible purpose to do so, Discover knowingly and willfully violated the FCRA for each such inquiry it made.

37. After a reasonable time to conduct discovery, Plaintiff believes he can prove that Discover has received hundreds, if not thousands, of disputes from consumers like Plaintiff, complaining of the same conduct as alleged in this complaint, with respect to Discover's practice of obtaining consumers' credit reports without proper authority to do so.

38. After a reasonable time to conduct discovery, Plaintiff believes he can prove that despite consumers' disputes, Discover intentionally, knowingly and recklessly chooses not to correct its policies with respect to obtaining credit reports without a legal purpose to do so.

39. After a reasonable time to conduct discovery, Plaintiff believes he can prove that Discover has engaged in a pattern and practice of wrongful and unlawful behavior with specific respect to its illegal accessing of consumer reports after a discharge in bankruptcy.

40. After a reasonable time to conduct discovery, Plaintiff believes he can prove that all actions taken by employees, agents or representatives of any type for Discover were taken within the scope of such individuals' (or entities') employment, agency, or representation.

41. As a direct and proximate result of Discover's violations of the FCRA, Plaintiff has suffered and will continue to suffer considerable harm and injury including, but not limited to: mental anguish and emotional distress from the ongoing invasion of his privacy, entitling

Plaintiff to an award of actual damages in an amount to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681*o*.

42. Discover's conduct reveals a conscious and reckless disregard for Plaintiff's rights, entitling Plaintiff to statutory damages in an amount of up to $1,000.00 per violation, pursuant to 15 U.S.C. § 1681*n*(a)(2).

43. The harm suffered by Plaintiff is attended by circumstances of fraud, malice and willful misconduct, entitling Plaintiff to punitive damages pursuant to 15 U.S.C. § 1681*n*(a)(2).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, James W. Wickert, prays for judgment against Defendant, Discover Bank *dba* Discover Financial Services, as follows:

A. An award of statutory damages in such amounts to be proved at trial, pursuant to 15 U.S.C. § 1681*n*;

B. An award of actual damages in such amounts to be proved at trial;

C. An award of punitive damages, pursuant to 15 U.S.C. § 1681*n*;

D. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681*o*; and

E. Any and all other legal or equitable relief to which Plaintiff may be entitled.

DATED this 19th day of June, 2015.                    Respectfully Submitted,

                                                              */s/ Geoff B. McCarrell*
                                                           Geoff B. McCarrell (Ohio 0086427)
                                                           MCCARRELL LAW, LLC
                                                           2012 W. 25th Street, Suite 701
                                                           Cleveland, OH 44113
                                                           Phone: (440) 226-6187
                                                           Email: geoff@mccarrelllaw.com

Matthew L. Alden (Ohio 0065178)
LUFTMAN, HECK & ASSOCIATES, LLP
2012 West 25th Street, Suite 701
Cleveland, Ohio  44113-4131
Phone:  216-978-4778
Fax:     216-539-9326
malden@lawlh.com

*Counsel for Plaintiff*

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

  */s/ Geoff B. McCarrell*
Geoff B. McCarrell (Ohio 0086427)
*Counsel for Plaintiff*